# Durie Tangri

Mark A. Lemley
415-376-6404 (direct)
415-362-6666 (main)
mlemley@durietangri.com

November 5, 2015

**VIA ECF**

Daniel E. O'Toole
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, DC 20439

Re:   *EON Corp. IP Holdings v. Silver Spring Networks, Inc.*, Case No.15-1237
      Submission of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)

Dear Mr. O'Toole,

We submit to the Court additional record evidence pertinent to this dispute.

At oral argument, EON's counsel asserted that EON's interpretation of '491 claim 1 as not requiring transmission of digital data messages was not new, but was contained in both EON's infringement contentions and expert report. Oral Argument Tr. 36:10–36:40. Counsel cited no record evidence in support, and neither document is contained in the Joint Appendix.

EON's counsel's assertion is untrue. In its infringement contentions for '491 claim 1, EON alleged Silver Spring's Access Points (allegedly the claimed base station) receive and transmit digital data messages:

> Base station data processing and communication unit for transmitting to … and receiving from a subset of said set of local subscriber units:
>
> Silver Spring's Access Point is a base station data processing and communication unit. The Access Point ***transmits and receives digital data messages*** to and from Silver Spring Intelligent Endpoints.

Exhibit A (EON's Infringement Contentions '491 Claim Chart) at 19 (emphasis added).

Similarly, in its expert report (explicitly incorporating EON's infringement contentions, Exhibit B at 26 ¶ 93), EON's expert Dr. Bims stated:

> ***Silver Spring Access Points receive and transmit digital data messages*** between Silver Springs Intelligent Endpoints and the utilities' HQs. These messages are modulated on an r-f carrier. "Silver Spring's highly reliable, standards-based RF network enables

   communications between the Access Point and smart grid endpoint devices, providing secure, real-time measurement and control. Ex. A.

*Id.* at 103 ¶ 285; *see also id.* at 247 ¶ 981 (referring specifically to the relevant limitation of '491 claim 1: "Each of the APs, relays, and communication modules include a common NIC that operates pursuant to the Silver Spring RF Mesh protocol. ***This RF Mesh protocol provides for the transmission of variable length data frames, which can include multiplexed TLV messages.  When transmitted from one NIC to another within the Silver Spring RF Mesh network, these data messages are synchronously related***.").

  EON's construction of '491 claim 1 as not requiring base station transmission of digital data messages is a new construction offered for the first time in response to the JMOL motion.

Respectfully submitted,

Mark A. Lemley

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

*EON Corp. IP Holdings v. Silver Spring Networks, Inc., No. 15-1237*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2015, I caused a copy of the foregoing Letter From Mark A. Lemley to Daniel E. O'Toole to be served via the Court's CM/ECF system/

                                    */s/ Mark A. Lemley*
                                    Mark A. Lemley