

November 6, 2015

Mr. Daniel E. O'Toole
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington D.C. 20439

    Re:   *EON Corp. IP Holdings LLC v. Silver Spring Networks, Inc.*, Case No. 2015-1237; Response to Appellant Silver Spring Network's ("SSN") Nov. 5, 2015 Submission of Supplemental Authority Pursuant to Fed. R. App. P. 28(j) (ECF No. 61-1) (the "Letter")

Dear Mr. O'Toole:

The Court should disregard and strike SSN's Letter because it makes new arguments and submits new evidence contrary to Rule 28(j), which is limited to intervening caselaw. *See Rack Room Shoes v. United States*, 718 F.3d 1370, 1374 n.1 (Fed. Cir. 2013); *accord* Fed. R. App. P. 28(j) committee's note (1979 & 2006). The Rule "permits a party to bring supplemental authorities to the court's attention, not supplemental argument." *Desper Products, Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1335 (Fed. Cir. 1998). "The Rule *cannot* be used to submit new *evidence* to the appeals court." *DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005).

Nonetheless, EON must respond. The record shows SSN's knowledge of the '491 patent's claim scope. In objecting to a demonstrative utilizing Fig. 2, SSN argued that Claim 1 only allowed control signals—not data messages—on the downstream path. Exs. A-1, A-2. During direct and cross, Dr. Bims *repeatedly* explained the scope of the patent claims using Fig. 2, making the control-signals-downstream/data-messages-upstream distinction. Exs. B-1 (direct), B-2 (cross). SSN moved under Rule 50(a) on '491 Claim 1 for portable/mobile, synchronous communication, and alternate paths only. Ex. C (129:9-12; 130:14-17; 133:7-8). SSN never moved for "no downstream communication of data messages" or any construction of Claim 1, despite summarizing EON's infringement theory as one where data messages *did not flow downstream*. Ex. C (131:10-11 (Claims 5 and 7 only for receive-only-receiver); 132:3-10).

Dr. Bims' Report on the relevant element—attached here in its entirety—limits its discussion of digital data messages to the upstream-path only. Ex. D at ¶¶990, 1006 (Access Points *receive* "data messages"); ¶1004 (downstream communication without "data messages"). SSN imputes and incorrectly transposes words from the contentions to the report and misleads the Court by citing ¶285 at page 103 of the report, which pertains to the '101 patent, *not* the '491. Ex. E.

The complexities of this issue demonstrate why SSN's Letter should be disregarded and why 28(j) letters are an improper vehicle "to expand the page limit for briefing." *See Hall v. Shinseki*, 717 F.3d 1369, 1373 (Fed. Cir. 2013).

Reed & Scardino LLP
301 Congress Avenue
Suite 1250
Austin, Texas 78701
T: 512.474.2449
F: 512.474.2622
reedscardino.com

November 6, 2015
Page 2

        Respectfully submitted,

        */s/ Daniel R. Scardino*
        DANIEL R. SCARDINO
        REED & SCARDINO LLP
        301 Congress Ave., Ste. 1250
        Austin, Texas 78701
        512-279-7904
        dscardino@reedscardino.com

        *Counsel for Appellee,*
        *EON Corp. IP Holdings LLC*

        November 6, 2015

# **CERTIFICATE OF SERVICE**

I certify that on November 6, 2015, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system, which will send notification of such filing to all registered participants.

                                               */s/ Daniel R. Scardino*
                                               DANIEL R. SCARDINO
                                               REED & SCARDINO LLP
                                               301 Congress Ave., Ste. 1250
                                               Austin, Texas 78701
                                               512-279-7904
                                               dscardino@reedscardino.com

                                               *Counsel for Appellee,*
                                               *EON Corp. IP Holdings LLC*

                                               November 6, 2015