# Durie Tangri

Mark A. Lemley
415-376-6404 (direct)
415-362-6666 (main)
mlemley@durietangri.com

November 10, 2015

**VIA ECF**

Daniel E. O'Toole
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, DC 20439

Re:   *EON Corp. IP Holdings v. Silver Spring Networks, Inc.*, Case No.15-1237
      Submission of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)

Dear Mr. O'Toole,

      As SSN explained last week, contrary to what EON's counsel said at oral argument, EON's infringement contentions and expert report both took the position that the base station in claim 1 of the '491 patent must transmit digital data messages. Notably, EON does not challenge these facts—that both EON's infringement contentions and expert report (explicitly incorporating the infringement contentions) took the position that the base station must both transmit and receive digital data messages to satisfy '491 claim 1. Instead, EON makes a different argument—that *at trial*, Dr. Bims testified that digital data messages need only be received. That new assertion is irrelevant to the misrepresentation SSN identified because it cannot support EON's claim that SSN should have sought to construe "transmitting" at the *Markman* hearing.[1]

      Nor is this misrepresentation an isolated incident. At oral argument, EON's counsel represented to the Court that "Judge Love during the *Markman* process actually said he had addressed the parties' positions and he said, I think I've resolved the parties' claim scope dispute . . . and after that, Silver Spring never said, wait a second, we still have a dispute here." (Oral Argument Tr: 29:34-29:46). That assertion too is untrue. SSN moved for reconsideration of the magistrate judge's refusal to construe portable and mobile, pointing out that the parties would just end up fighting over the meaning of the term at trial. (Ex. A).

---

[1] This Court should reject EON's new argument that SSN failed to move sufficiently for a directed verdict. That was not one of the eight waiver arguments EON briefed, and is accordingly waived. *See Lifestyle Enter, Inc. v. United States*, 751 F.3d 1371, 1377 (Fed. Cir. 2014) (waiver argument is waived if not raised "until briefing on the merits of the appeal was complete").

Daniel E. O'Toole
November 10, 2015
Page 2

      EON's counsel also represented to the Court at oral argument that "[i]t wasn't really until their opening appellate brief that they raised *O2 Micro* for the first time." (Oral Argument Tr. 29:56-30:00). Again, not true. SSN cited *O2 Micro* in its claim construction briefing and again in its motion for reconsideration. (Exs. A-B).

Very truly yours,

Mark A. Lemley

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*EON Corp. IP Holdings v. Silver Spring Networks, Inc., No. 15-1237*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, I caused a copy of the foregoing Letter From Mark A. Lemley to Daniel E. O'Toole to be served via the Court's CM/ECF system.

                                      */s/ Mark A. Lemley*
                                      Mark A. Lemley